IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JON N., TERESA N., and ISLAND VIEW RESIDENTIAL TREATMENT CENTER, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC., et al.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  1:07CV137DAK |

　　　　　This matter is before the court on Defendant Blue Cross Blue Shield of Massachusetts, Inc.'s ("BCBSMA") Motion to Dismiss Island View's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Defendant's Motion for Change of Venue to the federal district court in Massachusetts pursuant to 28 U.S.C. § 1404(a).  The court held a hearing on the motions on March 25, 2008.  At the hearing, Plaintiffs were represented by Brian S. King, and Defendant BCBSMA was represented by Robert G. Wing.  The court took the matter under advisement.  The court has carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

1

BACKGROUND

Plaintiffs bring claims against Defendant BCBSMA under Section 1132 of ERISA, 29 U.S.C. § 1001, *et seq.*, challenging the denial of health insurance benefits under an employee welfare benefits plan.  The individual plaintiffs, Jon and Teresa N., are the parents of Patricia N., who is insured under an ERISA health insurance plan sponsored by her father's employer, Bunch of Grapes, Inc.  The plan is administered by Defendant BCBSMA.  Island View is a residential treatment facility in Utah that provided treatment to Patricia N. from August 30, 2006 through June 22, 2007.   Defendant denied claims for Patricia's treatment at Island View.

Jon, Teresa and Patricia N. are all residents of Massachusetts.  Defendant BCBSMA and Defendant Bunch of Grapes, Inc. are both Massachusetts companies.

DISCUSSION

**Defendant's Motion to Dismiss**

Defendant seeks dismissal of Island View's claims asserting that Island View has no standing to bring an ERISA claim against Defendant.  Pursuant to 29 U.S.C. § 1132(a)(2), only participants and beneficiaries have standing to bring claims based on a denial of ERISA benefits. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27 (1983).

Island View is not a participant or a beneficiary of the Plan.  Rather, it claims to be an assignee of Jon or Teresa N.  "ERISA preempts state law on the issue of assignability of benefits . . . . We interpret ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties." *St. Francis Regional Medical Center v. Blue Cross Blue Shield*, 49 F.3d 1460, 1464 (10th Cir. 1995).  Accordingly, anti-assignment clauses in ERISA health insurance contracts have been held to be valid and binding. *Id.*

Defendant BCBSMA's subscriber contract contains the following anti-assignment clause:

> You cannot assign any benefit or monies due under this contract to any person, corporation, or other organization without Blue Cross and Blue Shield's written consent. Any assignment by you will be void. Assignment means the transfer of your right to the benefits provided under this contract to another person or organization. There is one exception to this rule. If Medicaid has already paid the provider, you can assign your benefits to Medicaid.

Despite this provision, Plaintiff argues that Island View is a proper assignee. Plaintiff contends that the anti-assignment clause does not on its face apply to a "preferred provider organization" ("PPO") and the written permission in this case is found in the PPO contract that Island View holds with the Blue Cross and/or Blue Shield affiliation of insurers. Island View is a contractual preferred provider organization for Regence Blue Cross of Utah. Under the PPO agreement, all claims submitted by Island View for patients insured by Blue Cross affiliates across the country are processed and paid through Regence Blue Cross of Utah and forwarded to other affiliates, such as BCBSMA in this case. The policy documents reference the PPO network. Island View contends that its claims arise in part based on its agreements as a PPO and Patricia N.'s insurance contract.

Island View's PPO contract with Regence, however, does not exclude it from the language of the contract or constitute "written permission" under the anti-assignment provision. Nothing in Island View's contract with Regence trumps the express anti-assignment provision of the Plan. The anti-assignment provision bars the assignment of benefits by BCBSMA's subscribers to any person or organization, which would include medical providers such as Island View. Under the provision, assignment to any provider, preferred or nonparticipating, in Utah or Massachusetts, is barred. Island View's status as a preferred provider organization puts it

squarely within the anti-assignment language of the provision. And, as stated by the Tenth Circuit, it is the assignment provisions of the Plan that govern the issue of assignability.

Plaintiff next argues that the anti-assignment clause in BCBSMA's subscriber certificate is ambiguous. Plaintiff contends that the term "benefits" is ambiguous because it could mean medical services sought by a patient from a healthcare provider or it could refer to insurance services provided by BCBSMA. But the anti-assignment provision refers to "benefits provided under this contract," which can only mean insurance benefits. Under its contracts with its subscribers, BCBSMA does not provide medical treatment or medical services but, rather, agrees to reimburse subscribers for covered services provided by medical professionals, such as Island View. The provision also says that the subscriber cannot "assign any benefit or monies due under this contract." The phrase "monies due" makes clear that "benefits" does not mean medical services. The court finds nothing ambiguous about the clause.

The court's conclusion is bolstered by the conclusion of the United States District Court in Massachusetts, which found the anti-assignment provision in Defendant BCBSMA's health insurance contracts to be "clear and unambiguous" and in compliance with ERISA. *Home Nutritional Servs., Inc. v. Blue Cross and Blue Shield of Mass., Inc.*, 1993 WL 343674 (D. Mass. August 24, 1993). In another similar case, the federal district court in Massachusetts dismissed Island Views' claims against Defendant BCBSMA on the grounds that they were barred by BCBSMA's anti-assignment provision. *Island View, et al. v. Blue Cross Blue Shield of Massachusetts, Inc.*, Civil No. 1:07cv10581 (D. Mass. Dec. 28, 2007).

Because ERISA allows the parties to make assignments, the anti-assignment provision governs the action. As found by the Massachusetts court, this court also concludes that

BCBSMA's anti-assignment provision is unambiguous and valid. Island View is an organization under the terms of that provision and there was no written permission for the assignment. Island View, therefore, does not have standing to bring claims against Defendant BCBSMA. Accordingly, the court grants Defendant BCBSMA's motion to dismiss.

### Defendant's Motion for Change of Venue

Because Island View is not a proper party to this ERISA action, and no other party has any connections to Utah, Defendant BCBSMA argues that this court should transfer the case to Massachusetts under 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A party moving to transfer a case bears the burden of showing that Section 1404(a)'s standards have been met. *Id.* at 1515-16. "[U]nless the balance is strongly in favor of the movant, plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Plaintiffs assert that venue is appropriate where the breach of the plan occurs–either where the decision was made to deny benefits or where benefits of the plan are to be received. *See Brown Schools, Inc. v. Florida Power Corp.*, 806 F. Supp. 146, 151 (W.D. Texas 1992); *Helder v. Hitachi Power Tools*, 764 F. Supp. 93 (E. D. Mich 1991). Plaintiff contends that the amounts owed to Island View constitute the location of the breach of the Plan, which is Utah. However, in *Brown Schools, Inc. v. Florida Power Corp.*, 806 F. Supp. 146, 151 (W.D. Texas 1992) the court explained that an assignee stands in the shoes of the assignor. Therefore, the breach occurs at the place where the policy holder resides and would have received benefits. *Id.*

Also, in *Helder v. Hitachi Power Tools*, 764 F. Supp. 93 (E. D. Mich 1991), the court states that the breach occurs "where the benefits or summary plan description was to be received by [the subscriber] plaintiff."

These cases, cited by Plaintiffs, actually support a finding that the breach occurred in Massachusetts. The policy holder lives in Massachusetts and would have received benefits in Massachusetts.

Plaintiffs also argue that venue is proper in Utah because Defendant BCBSMA is subject to personal jurisdiction in Utah. BCBSMA has historically paid benefits to and corresponded with Island View in Utah, and BCBSMA's economic activities have a direct impact on Utah residents. While jurisdiction is necessary to proceed in this court, it is not the controlling law for determining transfer of venue under Section 1404(a).

In this case, all of the remaining parties are located in Massachusetts. The beneficiaries, employer, and Plan Administrator are all residents of Massachusetts. Island View is not a proper party to this ERISA action and it is the only party with ties to Utah. The convenience of the witnesses is not a factor in this case because it is an ERISA case that will be decided without the need for discovery. But, the contract between BCBSMA and its subscribers was formed in Massachusetts and expressly provides that it is governed by Massachusetts law. It is fundamentally unfair to proceed with the case in Utah when there are no ties to this state. Although the treatment occurred here, everything relevant to the action occurred in Massachusetts.

While ERISA may allow for national service of process, that was not intended to provide a vehicle for all plaintiffs nationwide to bring their claims in any district they deem most

favorable. The court, therefore, concludes that the case should properly be transferred to Massachusetts.

## CONCLUSION

Defendant BCBSMA's Motion to Dismiss Island View's claims is GRANTED and its Motion to Transfer Venue is GRANTED. Accordingly, this action is hereby transferred under 28 U.S.C. § 1404(a) to the United States District Court of Massachusetts.

DATED this 29th day of April, 2008.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge